**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| A.S. BLUE, INC. d/b/a STUDEBAKER'S RESTAURANT, : : Plaintiff : : v. : : ONE BEACON INSURANCE COMPANY d/b/a EMPLOYERS' FIRE INSURANCE COMPANY and THE HANOVER INSURANCE GROUP, INC., : : : Defendants : | CIVIL ACTION NO. 3:13-0581 (JUDGE MANNION) |

## MEMORANDUM AND ORDER[1]

Presently before the court is the plaintiff's motion to remand the case to state court, (Doc. No. 7 at 4). Finding that the defendants have failed to establish that complete diversity exists between parties, the court will grant the motion.

**I.   BACKGROUND**

The plaintiff alleges that on or about February 4, 2011, the roof of its restaurant collapsed under the weight of ice and snow causing damages in the amount of $146,963.35. The plaintiff sought insurance coverage under a policy issued by Defendant Employers' Fire Insurance Company (hereinafter "Employers' Fire"). The defendants refused to cover the costs of repairs,

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

claiming that the cause of the damage was not covered under the policy. The plaintiff originally brought suit in the Pennsylvania Court of Common Pleas of Monroe County alleging breach of contract and bad faith under 42 Pa.C.S. §8371, purportedly against Employer's Fire, OneBeacon Insurance Company (hereinafter, "OneBeacon") and The Hanover Insurance Group, Inc. (hereinafter, "The Hanover").

On March 1, 2013, the defendants removed the action to this court on diversity grounds, (Doc. No. 1). On March 12, 2013, the plaintiff filed an amended answer which took, in part, the form of a motion to remand the case to state court, (Doc. No. 7). On April 12, 2013, the plaintiff filed a brief in support, (Doc. No. 15). On April 23, 2013, the defendants filed a memorandum of law in opposition, (Doc. No. 17). On May 7, 2013, the plaintiff filed a brief in reply, (Doc. No. 18).

## II. DISCUSSION

In removing the instant case to this court, the defendants allege jurisdiction is proper under 28 U.S.C. §1332 because all of the parties are diverse and the amount in controversy is greater than $75,000. In opposing removal, the plaintiff argues that complete diversity does not exist because defendant OneBeacon is a citizen of Pennsylvania. In response, the defendants argue that the plaintiff has not properly named OneBeacon as a defendant, and alternatively, that OneBeacon's status is as a "nominal" party and therefore should not destroy diversity.

As the defendant's note, a removing party bears the burden of

2

establishing federal jurisdiction. *See [Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indem., Inc.](), 254 F. Supp. 2d 521, 523 (M.D. Pa. 2003)*(citing *[Boyer v. Snap-On Tools Corp.](), 913 F.2d 108, 111 (3d Cir.1990)*). Moreover, courts are required to "construe strictly the removal statutes against removal and to resolve all doubts in favor of remand." *Id.* It is in the light of these undisputed legal principles that the court examines the evidence before it.

The parties do not dispute that the amount in controversy exceeds $75,000; therefore, the defendants must show that the citizenship of each of the defendants is diverse from that of the plaintiff, who is a citizen of Pennsylvania, in order to carry their burden of establishing jurisdiction under [28 U.S.C. §1332]().

A corporation is considered a citizen of both the state in which it is incorporated and the state where it has its principal place of business. *See [Hertz Corp. v. Friend](), 559 U.S. 77 (2010)*. The United States Supreme Court has defined the principal place of business as the "nerve center," where officers direct and control important corporate business. *See id.*; *see also [Brewer v. SmithKline Beecham Corp.](), 774 F.Supp.2d 721 (E.D. Pa. 2011)*. The defendants have established, through affidavits, the place of incorporation and principal place of business for each of the defendant corporations. Employer's Fire is a Massachusetts corporation with its principal place of business in Minnetonka, Minnesota, therefore diversity would exist as to this defendant. (Doc. No. 17, Att. 2 ¶ 6). The Hanover Insurance Group is a Delaware corporation with its principal place of business in Worcester, Massachusetts, therefore diversity would exist as to this defendant as well. (Doc. No. 17, Att. 3

3

¶ 6). However, OneBeacon Insurance Company is a Pennsylvania corporation with its principal place of business in Minnetonka, Minnesota. (Id. at ¶ 10). Therefore, in order to demonstrate that federal jurisdiction is appropriate because complete diversity exists, the defendants must establish either that OneBeacon is not a party to this action or that OneBeacon is a "nominal" party whose connection to the litigation should not disturb diversity.

The defendants argue OneBeacon is an improper party or at best a nominal party without genuine interests in the litigation and therefore should not be considered for purposes of determining jurisdiction. *See [Balazik v. County of Dauphin, 44 F.3d 209, 214 n.4 (3d Cir. 1995)](#)*. A nominal party is one that is not necessary to the proceeding and therefore not an indispensable party. *See [Mallalieu-Golder, 254 F.Supp.2d at 525](#)*. The defendants argue that "[b]ecause OneBeacon Insurance Company did not issue the Policy or have any involvement in the adjustment of the Plaintiff's claim, it is not a 'necessary' party to the proceedings." (Doc. No. 17 at 9). The defendants further argue that the OneBeacon has simply been misidentified by the plaintiff and that complete relief can be afforded without OneBeacon being party to the litigation.

The defendants' also claim that OneBeacon is not properly named in this case because the plaintiff lists the defendants as "One Beacon Insurance Company d/b/a Employer's Fire Insurance Company and the Hanover Insurance Group, Inc." (Doc. No. 1, Att. 2 at 3). The defendants argue that OneBeacon Insurance Company does not "do business as" Employer's Fire, but rather is Employer's Fire's parent company. As will be discussed further below, there is

4

a significant lack of clarity about this alleged corporate structure and who may be the proper defendants in this action. In great measure, this emanates from the defendants own insurance documentation and confusing correspondence sent to their insureds.

For example, in a letter dated June 1, 2010 and attached to the defendants' brief in opposition, the role of OneBeacon certainly appears to be something more than "nominal." (Doc. No. 17, Att. 2 at 7). The letter, from "The Hanover" and addressed to the plaintiff, informs the plaintiff that "OneBeacon, working together with The Hanover, has renewed your policy using a OneBeacon policy form...." (Id.). Moreover, the plaintiff is told that "[f]or Claims Questions, please continue to call OneBeacon Claims at 877.248.3455." In fact, every page of the policy, supplied by the defendant, is on OneBeacon letterhead. (Id.).

As a result, the court finds, on the record before it, that the defendants have not conclusively established that OneBeacon's relationship to the instant claims to be so attenuated as to be considered either an improper party or a nominal party. Therefore, because OneBeacon is a named party that shares citizenship with the plaintiff, the defendants have failed to establish federal diversity jurisdiction and the case will be remanded to the state court.

**IN LIGHT OF THE FOREGOING, IT IS HEREBY ORDERED, THAT:**

**(1)** The plaintiff's motion to remand, (Doc. No. 7), is **GRANTED**;

**(2)** The case is **REMANDED** to the Pennsylvania Court of Common Pleas for Monroe County.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 28, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0581-01.wpd